EVE PEARSON BAILEY WILLIFORD ʏ. PENNSYLVANIA THRESHERMEN & FARMERS' MUTUAL CASUALTY INSURANCE COMPANY.

(Filed 18 March 1964.)

Insurance § 49—

> Where, in an action to recover on a policy for the destruction of the insured automobile by fire, the court categorically instructs the jury on the issue of coverage that plaintiff was not entitled to recover unless the fire occurred prior to the expiration of the policy and unless it was accidental within the meaning of the policy, insured may not complain of the refusal of the court to submit a separate issue as to whether the loss was accidental.

APPEAL by defendant from *Fountain, J.*, October, 1963 Civil Session, NASH Superior Court.

The plaintiff instituted this civil action to recover $1,750.00, the value of her automobile destroyed by fire during the night June 30-July 1, 1962. The defendant's policy, insuring against loss, expired at 12:01 a.m., July 1.

The defendant denied liability on two grounds: (1) The fire occurred after the policy had expired; (2) the plaintiff, or someone under her control, intentionally burned the insured vehicle; hence the loss was not accidental within the meaning of the policy.

Both parties introduced evidence. The court submitted two issues: (1) Coverage, and (2) amount of the loss. The defendant tendered another issue: whether the loss was accidental. The jury found the defendant's policy covered the loss and fixed the amount at $1,645.00. From judgment on the verdict, the defendant appealed.

*Narron, Holdford & Holdford by William H. Holdford for plaintiff appellee.*

*Battle, Winslow, Merrell, Scott & Wiley by Robert L. Spencer for defendant appellant.*

PER CURIAM. The parties agreed the policy sued on provided coverage only for direct and accidental loss of, or damage to, the insured vehicle. The defendant stressfully contends the court committed error in refusing to submit a separate issue whether the fire resulted from accident. The court in its charge, however, gave the defendant the benefit of both its defenses:

> "So the question for you to determine is whether there was a fire to her vehicle prior to 12:01, July 1st, 1962, and, if so, whether it was accidental within the meaning of the policy. If there was a fire causing her loss or damage to her automobile, which was direct

and accidental, prior to 12:01 a.m., July 1, 1962, then it·would be the duty of the company to pay the actual cash value of the damage sustained. Otherwise, there would be no duty on the part of the company to pay anything for loss by fire."

. In repeating the substance of the foregoing instructions, the court charged the jury to answer the first issue, "no," if the plaintiff had failed to carry the burden of showing the loss by fire before 12:01, July 1, and that the loss was accidental.

The trial was hotly contested. The evidence was sharply conflicting. The jury resolved the conflict in favor of the plaintiff. The record discloses

No error.